

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2006

# Ocwen Loan Servicing v. Ezekoye

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1728

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Ocwen Loan Servicing v. Ezekoye" (2006). *2006 Decisions.* Paper 1144.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1144

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1728
_____

OCWEN LOAN SERVICING, LLC

V.

ANDREW N. EZEKOYE; DOROTHY EZEKOYE,
or occupants of 120 Lynn Ann Drive, New Kensington, PA, 15068

Andrew N. Ezekoye and Dorothy Ezekoye,
Appellants

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 06-cv-00030)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or for lack of appellate jurisdiction, or for Summary Action Under
Third Circuit LAR 27.4 and I.O.P. 10.6 on April 20, 2006


Before: SLOVITER, MCKEE AND FISHER, <u>CIRCUIT JUDGES</u>

(Filed: May 8, 2006)


_____

OPINION
_____


PER CURIAM

Andrew and Dorothy Ezekoye, proceeding pro se, appeal an order of the United States District Court for the Western District of Pennsylvania remanding a complaint in ejectment to Pennsylvania state court. Ocwen Loan Servicing, LLC filed the ejectment complaint against the Ezekoyes after Ocwen obtained a judgment in a mortgage foreclosure action in state court and title to the property at issue in a sheriff's sale. Dorothy Ezekoye filed a notice of removal in District Court, alleging that the District Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1343(a), 1367, 1441(a), 1441(b) and 1443. The District Court, however, remanded the case to state court pursuant to 28 U.S.C. § 1447(c) for lack of jurisdiction.

An order remanding a case to the state court from which it was removed is not reviewable on appeal unless the case was removed pursuant to 28 U.S.C. § 1443. 28 U.S.C. § 1447(d). Thus, to the extent the Ezekoyes challenge the District Court's remand order with respect to the bases for removal other than § 1443, we will dismiss the appeal for lack of jurisdiction. Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997). We have jurisdiction to review the remand order to the extent the Ezekoyes assert that removal was proper under § 1443. Id.

Section 1443 authorizes the removal of a state law action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). This provision applies in rare

cases.  <u>Davis</u>, 107 F.3d at 1048-49.  A state court defendant must demonstrate both:  (1) that he is being deprived of rights guaranteed by a federal law "providing for . . . equal civil rights"; and (2) that he is "'denied or cannot enforce' that right in the courts" of the state.  <u>Id.</u> at 1047 (quoting <u>State of Georgia v. Rachel</u>, 384 U.S. 780, 788 (1966)).  Under the first requirement, a defendant must allege a deprivation of rights guaranteed by a federal law providing for specific civil rights stated in terms of racial equality.  <u>Id.</u>  Under the second requirement, removal is available where the defendant's federal civil rights would inevitably be denied by the very act of being brought to trial in state court.  <u>Id.</u> at 1050.

The Ezekoyes have not shown that § 1443 applies.  In their answers to the complaint in ejectment, the Ezekoyes raised several counterclaims under statutes prohibiting abusive debt collection practices.  They did not claim in their answer, nor do they contend elsewhere, that they have suffered a deprivation of their civil rights based upon their race.  Moreover, the Ezekoyes do not assert an inability to enforce their equal civil rights in state court.

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).  To the extent the Ezekoyes appeal the District Court's remand order with respect to the bases for removal other than § 1443, we will dismiss the appeal for lack of appellate jurisdiction.  Dorothy Ezekoye's motion for an injunction pending the disposition of this appeal is denied.

3